```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

KENNETH EUGENE SPEIGHT,  :  CIVIL NO. **3:05-CV-0322**
                          Plaintiff   :  (Judge Conaboy)

               v.   :  (Magistrate Judge Smyser)

J. LYONS; FELTON; L. SHEPARD;  :
HOLENCIK; WARDEN S. YATES;  :
J. MCCLUSKY; FEDERAL BUREAU OF  :
PRISONS; K. BITTENBENDER;  :
UNIT MANAGER H.P. SIMS; and  :
D. BARBEN,  :
                         Defendants   :

## **ORDER**

On June 1, 2005, the defendants filed a motion to dismiss the plaintiff's amended complaint or, in the alternative, for summary judgment. The defendants filed a brief in support of their motion on July 8, 2005. On July 8, 2005, the defendants also filed documents in support of their motion and a statement of material facts. The plaintiff filed a brief and documents in opposition to the defendants' motion on August 8, 2005. On September 6, 2005, the defendants filed a reply brief in support of their motion.

On September 6, 2005, the defendants submitted a number of documents to the court *in camera.* The documents submitted *in camera* include exhibits and an additional reply brief.

The defendants have not sought or been granted leave to submit documents *in camera.* It is not appropriate for the

court to consider in connection with the defendants' motion to dismiss or for summary judgment documents which have not been served on the plaintiff.

With limited exceptions, a court may not decide the merits of a case based on evidence kept secret from one of the parties. *Pack v. Beyer*, 157 F.R.D. 219, 223 (D.N.J. 1993)("Our adversarial legal system generally does not ordinarily tolerate ex parte determinations on the merits of a civil case."); *Association for Reduction of Violence v. Hall*, 734 F.2d 63 (1st Cir. 1984)(reversing and remanding case to the district court which had granted partial summary judgment to defendants on the basis of privileged documents and stating that if the defendants renew their motion for summary judgment the district court will have to rule on the motion without relying on privileged materials); *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996)("Although a judge freely may use *in camera*, *ex parte* examination of evidence to prevent the discovery or use of evidence, consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for *in camera* resolution of the dispute."). The court in *Abourezk v. Reagan*, 785 F.2d 1043, 1060-61 (D.C. Cir. 1986), *aff'd*, 484 U.S. 1 (1987), summarized the general rule and the exceptions to that rule as follows:

> It is a hallmark of our adversary system that we safeguard party access to the evidence tendered in support of a requested court

judgment. The openness of judicial proceedings serves to preserve both the appearance and the reality of fairness in the adjudications of United States courts. It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte, in camera* submissions. *See In re Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir.1981).

Exceptions to the main rule are both few and tightly contained. Most notably, inspection of materials by a judge isolated in chambers may occur when a party seeks *to prevent use* of the materials in the litigation. When one side, seeking to block consideration of relevant matter, asserts an evidentiary privilege, the court may inspect the evidence *in camera* and alone for the limited purpose of determining whether the asserted privilege is genuinely applicable. *See id.* If the court finds that the claimed privilege does not apply, then the other side must be given access to the information; if the court's finding is that the privilege does apply, then the court may not rely upon the information in reaching its judgment. *See Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C.Cir. 1983), *cert. denied sub nom. Russo v. Mitchell*, 465 U.S. 1038, 104 S.Ct. 1316, 79 L.Ed.2d 712 (1984). In either case, no party will be faced--as were the plaintiffs in this case--with a decision against him based on evidence he was never permitted to see and to rebut.

Only in the most extraordinary circumstances does our precedent countenance court reliance upon *ex parte* evidence to decide the merits of a dispute. Our one case in point, *Molerio v. Federal Bureau of Investigation*, 749 F.2d 815 (D.C.Cir. 1984), involved the state secrets privilege, a privilege not invoked in this case. The government pressed acute national security concerns in *Molerio*, and we recognized a large risk that an unjust result would eventuate if the case proceeded without the privileged material. *See id*. at 825. While we allowed court recourse to the confidential information in *Molerio*, we based that allowance upon proper invocation of the privilege; a demonstration of compelling national security concerns; and public disclosure by the government, prior to any *in camera* examination, of as much of the material as it could divulge without compromising the privilege. In addition, the plaintiff in *Molerio* had been accorded

>     considerable discovery of non-privileged
>     materials. *See id.* at 819; *see also Ellsberg*,
>     709 F.2d at 63-64.
>         We mention finally a third class of cases
>     in which *in camera* inspection may occur:
>     exceptions to the main rule specified by
>     statute.  The prime current example is the
>     Freedom of Information Act, 5 U.S.C. s 552
>     (1982).  Even in administering such
>     legislation, however, we have been vigilant to
>     confine to a narrow path submissions not in
>     accord with our general mode of open
>     proceedings. *See, e.g., Vaughn v. Rosen*, 484
>     F.2d 820, 827-28 (D.C.Cir. 1973), *cert. denied*,
>     415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873
>     (1974)(requiring the government to create a
>     public index listing privileged documents and
>     providing explanations of the claim of
>     privilege).

The documents submitted to the court *in camera* in this case do not impact national security.  The defendants have not shown any extraordinary circumstance which would justify the court's reliance upon the *in camera* documents as a basis for an adjudication against the plaintiff, who has not had the opportunity to see the documents.  Thus, when addressing the defendants' motion to dismiss or for summary judgment we will not consider the documents submitted *in camera*.

Since the court will not consider the documents submitted *in camera* when addressing the merits of the defendants' motion to dismiss or for summary judgment, we will provide the defendants with an opportunity to decide whether or not to serve those documents on the plaintiff.  If the defendants serve the documents on the plaintiff, within ten days of the date of this Order they shall file the documents along with a certificate of service indicating that the

plaintiff has been served with the documents.  If the defendants decide to maintain their position that the plaintiff is not entitled to see those documents, within ten days of the date of this order, the defendants shall file a redacted reply brief that eliminates any references to those documents and any arguments regarding inferences that the court should draw from those documents.

**IT IS ORDERED** that within ten days of the date of this Order the defendants shall file a redacted reply brief or shall file the documents that have been submitted *in camera* along with a certificate of service indicating that they have served the plaintiff with copies of the documents.

/s/ *J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

DATED: September 12, 2005.